per unit of the two stocks. We, therefore, hold that the unit values of the stocks of these two affiliated corporations were, at the date of decedent's death, $162.98 per unit.

## APPEAL OF B. O. LAUERMAN.

Docket No. 3739.    Submitted September 20, 1925.    Decided February 11, 1926.

*William M. Haag, Esq.*, for the taxpayer.
*B. H. Saunders, Esq.*, for the Commissioner.

### Before LOVE.

This appeal is from the determination of a deficiency in income tax for the year 1921 in the amount of $181.09.

The deficiency arises by reason of the fact that the Commissioner included in the taxpayer's income, for the taxable year, $1,000, being a part of his salary for said year which was not actually paid to him until January 10, 1922. The taxpayer alleged that his accounts were kept on the basis of cash receipts and disbursements. This allegation was denied by the Commissioner, and no competent evidence was offered by the taxpayer to sustain this allegation of his petition.

#### FINDINGS OF FACT.

The taxpayer, in 1921, was the principal stockholder and president of the Washington Institute, located in Chicago. His salary was fixed at $12,000 per year, payable in monthly installments of $1,000 each.

It was the corporation's custom to credit the taxpayer on the last day of each month with his salary for that month. Occasionally this credit was made prior to the last day of the month. The taxpayer had authority to draw, and sometimes did draw, against this monthly salary during the pending month, though most frequently it was not drawn against until on or after the last day of the month.

On December 31, 1921, he was credited, as usual, with his $1,000 as salary for that month. By reason of the fact that the corporation had heavy expense accounts for December, it was short of money at the bank, which fact was known to the taxpayer, and, by reason of that fact, he refrained from drawing on his said December salary. On December 31, 1921, the company had in cash in the bank and in its treasury, $600.59.

The $1,000 was received by the taxpayer on January 10, 1922, and was included in his return for 1922. The Commissioner included said amount as income to the taxpayer for the year 1921.

### DECISION.

The determination of the Commissioner is approved.

---

### APPEAL OF BOERICKE & RUNYON.

Docket No. 2981.    Submitted May 19, 1925.    Decided February 11, 1926.

*F. J. Batchelder, C. P. A.*, for the taxpayer.
*J. A. Adams, Esq.*, for the Commissioner.

Before JAMES, SMITH, LITTLETON, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits tax for the years 1919, 1920, and 1921, in the amounts, respectively, of $396.71, $188.08, and $28.23, a total of $609.02. Not all of the above deficiencies are in controversy.

### FINDINGS OF FACT.

The taxpayer is a New York corporation, engaged in the business of manufacturing and selling pharmaceutical preparations, with its principal place of business in New York City.

During the taxable years in question the taxpayer took depreciation upon its books and claimed a depreciation deduction in its income-tax return in the amount set down in the first column of the table below. In determining the deficiency here in question, the Commissioner made adjustments, as shown by the second and third columns below. The Commissioner computed depreciation upon the average of the assets during the year; the taxpayer, upon the total of the asset value appearing upon the books at the end of the year.

|  | Depreciation per taxpayer's return. | Depreciation proposed by Commissioner. | Proposal to disallow. |
|---|---|---|---|
| 1919 | $1,399.51 | $1,320.88 | $78.63 |
| 1920 | 1,495.64 | 1,440.92 | 54.7 |
| 1921 | 1,671.41 | 1,572.20 | 99.21 |

In the New York office the taxpayer computed and claimed depreciation at the rate of 5 per cent upon furniture and fixtures. These consisted to a large extent of partitions, shelving, floor cover-